

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 22, 1996

The Honorable Chris Harris
Chair
Senate Committee on Administration
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-386

Re: Whether the Texas Education Agency may, under V.T.C.S. article 4413(29c), section 9A, supply certificates of completion to a public school in the state whose driver education course does not meet the standards of and has not been approved by the Texas Education Agency or the Department of Public Safety and related questions (RQ-839)

Dear Senator Harris:

You have requested our opinion as to whether the Central Education Agency may, under article 4413(29c), section 9A, V.T.C.S., supply certificates of completion to a public school in the state whose driver education course does not meet the standards of and has not been approved by the Central Education Agency or the Department of Public Safety.[1] You also ask whether a driving safety course that the State Board of Education has approved "conditionally" or "temporarily" prior to September 1, 1995, must be finally approved after September 1, 1995.

Your questions require us to construe the Texas Driver and Traffic Safety Education Act (the "act"), V.T.C.S. article 4413(29c). The act purports to regulate both driver training and driving safety courses. *See* V.T.C.S. art. 4413(29c), § 2. As you explain, a driver education course teaches a student "how to drive, including the laws applicable to operating a motor vehicle." *See id.* § 3(4). A driving safety course, on the other hand, teaches a licensed driver how to be a better driver. *See id.* § 3(6). Under the act, the Central Education Agency is authorized to regulate and oversee the system of driver education and driving safety schools. *Id.* § 4(a).

Preliminarily, we note that the Central Education Agency is equivalent to the Texas Education Agency. "A reference in law to the Central Education Agency means the Texas Education Agency." Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 80, 1995

---

[1]Section 10B of the act permits a licensed driver training school to conduct a driver training course at a public school for students of the public school. We do not consider such a course in this opinion. Rather, our opinion is limited to those driver education courses a public school offers using its own personnel to teach the course.

Tex. Sess. Law Serv. 2207, 2504. Accordingly, we will refer only to the Texas Education Agency (the "agency") throughout the remainder of this opinion.

Your first question assumes that a driver education course offered in a public school does not meet the standards of and has not been approved by the agency or the Department of Public Safety. We will begin by considering the law as it relates to your first question. A "driver education school" is

> an enterprise that maintains a place of business or solicits business in this state, that is operated by an individual, association, partnership, or corporation for the education and training of persons at a primary or branch location in driver education or driver education instructor development, and that is not specifically exempted by this Act.[2]

V.T.C.S. art. 4413(29c), § 3(18) (footnote added). Section 7(c) of the act exempts from all of the act except section 9A, *see infra*, several types of driver education courses including a course offered by "a school that is otherwise regulated and approved under any other state law."[3] A public school is regulated and approved under the Education Code. *See generally* Educ. Code tit. 2.

---

[2]You have not asked, and we do not, therefore, consider whether a school is "an enterprise that maintains a place of business or solicits business . . . , that is operated by an individual, association, partnership, or corporation . . . ." *See* BLACK'S LAW DICTIONARY 476-77 (5th ed. 1979); WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 415 (1990). If it is not, of course, it need not be specifically exempted from the definition of driver education school. We note that, as the act was originally enacted in 1967, "any enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons, either practically or theoretically, or both, to operate or drive motor vehicles and charging a consideration or tuition for such services" defined the term "commercial driver-training school." Act of May 19, 1967, 60th Leg., R.S., ch. 332, § 1(a), 1967 Tex. Gen. Laws 794, 794 (codified at V.T.C.S. art. 4413(29c), § 1(a)), *amended by* Act of May 25, 1991, 72d Leg., R.S., ch. 835, § 1, 1991 Tex. Gen. Laws 2875, 2876. The original act did not define the term "driver education school."

In 1991 the legislature deleted the word "commercial" from the phrase "driver training school" and amended the definition to include enterprises conducting courses in driver education, driving safety, or instructor development. *See* Act of May 25, 1991, 72d Leg., R.S., ch. 835, § 1, 1991 Tex. Gen. Laws 2875, 2876. In 1995 the legislature amended the statute to define "driver education school," separating schools offering driver education courses from those offering driving safety courses. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 1, 1995 Tex. Sess. Law Serv. 5047, 5049 (codified at V.T.C.S. art. 4413(29c), § 3(18)). Other changes to the definition made by the 1995 amendment were nonsubstantive. *See id.*

[3]Section 7(c)(5) of article 4413(29c), V.T.C.S., actually provides as follows:

> A driver education course is exempt from this Act, except Section 9A of this Act, if it is:
>
> . . . .
>
> (5)  a school that is otherwise regulated and approved under any other state law.

Section 9A of the act, the only provision of the act to which a public school is subject, provides as follows:

> The agency shall print and supply to licensed and exempt driver education schools serially numbered driver education certificates to be used for certifying completion of an approved driver education course for the purposes of Section 7(a), ... Article 6687b, [V.T.C.S.]. The agency by rule shall provide for the design and distribution of the certificates in a manner that to the greatest extent possible prevents the unauthorized reproduction or misuse of the certificates.

Article 6687b, V.T.C.S., provides for the licensing of drivers, chauffeurs, and commercial operators. Section 7(a) of that article authorizes the Department of Public Safety, *see* V.T.C.S. art. 6687b, § 1(1) (defining "department"), to license as a class C[4] driver an individual under the age of eighteen if, among other things, the individual "has submitted to the Department a driver education certificate provided for by Section 9A [of the act], indicating that the person has completed and passed a driver education course approved by the Department under Section 7A [of article 6687b] or by the" agency.[5] Even if the Department of Public Safety has not approved a public school's driver education course, we conclude that a student successfully completing such a course is entitled to receive a certificate of completion necessary for obtaining a class C license under V.T.C.S. article 4413(29c), section 9A. Our conclusion is premised on a determination that a public school's driver education course is "approved by" the agency for purposes of section 9A if the public school's course adheres to the curriculum devised by the agency.

Section 6(b) of the act requires the commissioner of the agency to establish, by rule, the curriculum and designate the textbooks that must be used in a driver education course.[6] The act does not otherwise provide for the approval or monitoring of a driver

---

[4]Pursuant to V.T.C.S. article 6687b, section 4A(d), a class C driver's license permits the holder to drive a single vehicle or combination of vehicles that does not require the driver to hold a class A or class B driver's license, *see* V.T.C.S. art. 6687b, § 4A(b), (c), and "a single vehicle with a gross vehicle weight rating of less than 26,001 pounds towing a farm trailer with a gross vehicle weight rating that does not exceed 20,000 pounds."

[5]The individual also must be at least 16 years of age, must have "obtained a high school diploma or its equivalent or be a student," and must have passed the examination V.T.C.S. article 6687b, section 10 requires. V.T.C.S. art. 6687b, § 7(a).

[6]Although the act defines "driving safety course," it does not define "driver education course." We understand the term "driver education course" to be synonymous with "driver education," which means "a nonvocational course of instruction that provides the knowledge and hands-on experience to prepare persons for written and practical driving tests that lead to authorization to operate a vehicle." V.T.C.S. art. 4413(29c), § 3(4).

education course.[7]  A public school is, of course, exempt from section 6(b).  *See* V.T.C.S. art. 4413(29c), §§ 3(18), 7(c)(5).

Section 29.902(a) of the Education Code requires the agency to "develop a program of organized instruction in driver education and traffic safety for public school students."[8]  In our opinion, because the agency is responsible to organize the program of instruction in driver education and traffic safety for public school students, we believe any public school that offers a course of instruction pursuant to the agency's guidelines is approved by the agency for purposes of section 9A of the act.  The agency must, accordingly, supply the certificates of completion described in section 9A to a public school offering a driver education course in compliance with agency directives.  The public school need not comply with any other requirements under the act to which private driver education courses are subject.  Indeed, to require a public school to comply with sections of the act other than section 9A simply to receive the certificates of completion contravenes the act's express statement that a public school is exempt from all sections but section 9A.

With respect to the oversight of a public school's driver education course, the 1995 amendments to the act actually make little change in the law.  Prior to the effective date of the 1995 amendments, a public school's driver education course was wholly exempt from the act.  Thus, previous law did not require a public school to license its driver education course, nor was a public school's driver education course subject to

---

[7]A driver education school must, however, obtain a license from the agency. *See id.* § 10.

[8]Section 29.902 became effective May 30, 1995.  *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 86, 1995 Tex. Sess. Law Serv. 2207, 2505.  The day before section 29.902 became effective, May 29, 1995, the legislature amended, by the enactment of Senate Bill 964, section 21.102 of the Education Code.  *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 1, 1995 Tex. Sess. Law Serv. 5047, 5047-48.  With regard to the authority to "develop a program of organized instruction in driver education and traffic safety for public school students," Senate Bill 964 retained such authority in the Texas Education Agency.  *See id.* at 5047-48 (amending Educ. Code § 21.902(a)).

In regard to the agency authorized to devise a driver education course for public school students, Senate Bill 964 directly conflicts with Senate Bill 1.  Generally, where one session of the legislature has enacted irreconcilable amendments to the same statute, "the latest in date of enactment prevails."  Gov't Code § 311.025(b); *see also* 82 C.J.S. *Statutes* § 9, at 25 (1953) (stating that during session legislative body "may do and undo, consider and reconsider, as often as" its members think proper because "only the final result will be regarded as the thing done").  In this case, however, Senate Bill 1 explicitly provides to the contrary.  Section 81 of the bill provides as follows: "This Act prevails over any conflicting Act of the 74th Legislature, Regular Session, 1995, that amends or repeals a provision of Title 1 or 2, Education Code, regardless of the relative dates of enactment, unless the other conflicting Act expressly provides otherwise."  Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 81, 1995 Tex. Sess. Law Serv. 2207, 2504.  Since Senate Bill 964 does not expressly supersede Senate Bill 1, the amendments to the substance of section 21.102 (now section 29.902) of the Education Code in Senate Bill 1 prevail.  *Cf.* Act of May 29, 1995, 74th Leg., R.S., ch. 426, § 33(c), 1995 Tex. Sess. Law Serv. 3084, 3096 (providing explicitly that provisions of that statute prevail over any revisions made by Senate Bill 1); Act of May 10, 1995, 74th Leg., R.S., ch. 141, § 4, 1995 Tex. Sess. Law Serv. 989, 990 (same).

monitoring by the agency. Relevant to the issue you raise, the only substantive change the amendments to the act effected is the requirement, in newly enacted section 9A, V.T.C.S. article 4413(29c), that the agency supply to "licensed and exempt driver education schools" driver education certificates. The 1995 amendments further require an applicant for a class C driver's license to present the certificate of completion to the Department of Public Safety.[9]

We turn now to your second question: whether the commissioner of education (the "commissioner") must, after September 1, 1995, finally approve a driving safety course that the commissioner approved "conditionally" or "temporarily" prior to September 1, 1995. See V.T.C.S. art. 4413(29c), § 3(16) (defining "approved driving safety course"). Article 4413(29c), section 13(a-1), V.T.C.S., requires the commissioner to approve the application of a driving safety school if the school meets certain criteria.[10]

---

[9]The language of sections 9A and 27A of the act, as well as the legislative history of these and other provisions, lead us to believe the legislature intended section 9A to prevent individuals who had not actually completed an approved driver education course at a licensed or exempt driver education school from obtaining a falsified certificate of completion. Section 9A in part requires the agency to promulgate rules regarding the design and distribution of the certificates "in a manner that to the greatest extent possible prevents the unauthorized reproduction or misuse of the certificates." Section 27A deems it an offense, punishable by no more than five years in prison, to knowingly transfer a driver education certificate of completion or a driving safety school certificate of completion to any person not authorized to possess the certificate. V.T.C.S. art. 4413(29c), § 27A(a), (c). Likewise, a person who knowingly possesses a certificate of completion, either for a driver education course or a driving safety course, and who is unauthorized to possess it commits an offense punishable by up to five years in prison. Id. § 27A(b), (c).

Although sections 9A and 27A do not facially indicate that, prior to the 1995 amendments, commerce in falsified certificates of completion for driver education courses was a problem, the legislative history suggests that it was:

> [Prior to the enactment of the 1995 amendments, a]pproximately 5000 people ha[d] access to the certificates of completion for driving safety courses. This easy access has made selling these certificates for a price, without taking the course, all too common.

House Research Org., Bill Analysis, S.B. 964, 74th Leg. 116 (1995). We believe we may infer that the legislature desired to prevent individuals who had not completed an approved driver education course through a licensed or exempt driver education school from obtaining a certificate of completion, which would enable the individual to apply for a driver's license. Our conclusion here does not undermine that legislative desire.

[10]The Seventy-fourth Legislature added subsection (a-1) to article 4413(29c), section 13, V.T.C.S. See Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 15, 1995 Tex. Sess. Law Serv. 5047, 5052 (codified at V.T.C.S. art. 4413(29c), § 13(a-1)). The Seventy-fourth Legislature also amended section 13(a) to apply only to driver education schools. See id. (codified at V.T.C.S. art. 4413(29c), § 13(a)). Prior to September 1, 1995, the act provided for the commissioner to approve both types of driver training schools under section 13(a). See Act of May 25, 1991, 72d Leg., R.S., ch. 835, § 1, 1991 Tex. Gen. Laws 2875, 2879-80 (codified at V.T.C.S. art. 4413(29c), § 13(a)), amended by Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 15, 1995 Tex. Sess. Law Serv. 5047, 5052. The amendments

Upon approval, the driving safety school receives a license from the commissioner. *See* V.T.C.S. art. 4413(29c), § 13(d)(1); *cf.* Act of May 30, 1993, 73d Leg., R.S., ch. 954, § 5, 1993 Tex. Gen. Laws 4071, 4073 (codified at V.T.C.S. art. 4413(29c), § 13(d)(1)), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 15, 1995 Tex. Sess. Law Serv. 5047, 5055. A license may not exceed one year in term. V.T.C.S. art. 4413(29c), § 13(d)(2).

Section 13(f) authorizes the commissioner to revoke a driving safety school's license or impose reasonable conditions on the license. The commissioner also may revoke or make conditional any license if the commissioner has reason to believe the licensee violated the act or any rule adopted pursuant to the act. V.T.C.S. art. 4413(29c), § 13(f)(2). We find no explicit authority for a temporary license.

Prior to September 1, 1995, the act required a driving safety school to submit to the commissioner an initial license fee of $1,700 plus $850 for each branch location. *See* Act of May 30, 1993, 73d Leg., R.S., ch. 954, § 5, 1993 Tex. Gen. Laws 4071, 4072 (codified at V.T.C.S. art. 4413(29c), § 13(b)(1)(A)), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 15, 1995 Tex. Sess. Law Serv. 5047, 5054. We do not find in the act as it existed prior to September 1, 1995, any requirement that a fee accompany an application for approval of a driving safety course.

The Seventy-fourth Legislature amended article 4413(29c), section 13(b)(1)(G), to require a nonrefundable fee of $9,000 to accompany an "application for approval of a driving safety course that has not been evaluated by the State Board of Education." *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 15, 1995 Tex. Sess. Law Serv. 5047, 5054. Notwithstanding this section, a driving safety course that the agency approved prior to September 1, 1995, need not be reapproved, "and no fee is owed in relation to approval of the course unless the fee became due before" September 1, 1995. *Id.* § 32(b), at 5065.

As we understand your question, you are uncertain as to whether a licensee upon whom the commissioner of education imposed conditions prior to September 1, 1995, must again apply for a license and submit the $9,000 application fee to regain permanent licensure status after September 1, 1995. We note that the commissioner may impose conditions only on a driving safety school. *See* V.T.C.S. art. 4413(29c), § 13(f). On the other hand, the $9,000 application fee is to accompany an application for "approval of a driving safety *course*." *Id.* § 13(b)(1)(G) (emphasis added). Consequently, we find nothing on the face of the act that requires a driving safety school holding a license, either conditional or unconditional, to pay the application fee under section 13(b)(1)(G) unless the school desires to change the driving safety course it offers.

---

(footnote continued)

are irrelevant to this opinion. Consequently, for the sake of simplicity, we will refer to section 13(a-1) as though it existed prior to September 1, 1995.

Moreover, we do not believe that a driving safety school upon whose license the commissioner has imposed conditions must reapply for a license. Article 4413(29c), section 13(f) provides the commissioner with a choice: either the commissioner may revoke the license of a driving safety school, or the commissioner may impose conditions upon the license. Unless a driving safety school's license is revoked, its license remains in effect, and the driving safety school need not apply for a new license.

## S U M M A R Y

Any public school offering the program of organized instruction in driver education and traffic safety that the Texas Education Agency has adopted pursuant to section 29.902(a) of the Education Code is offering an "approved driver education course" for purposes of V.T.C.S. article 4413(29c), section 9A. The Texas Education Agency must, in accordance with article 4413(29c), section 9A, supply such a public school with "serially numbered driver education certificates to be used for certifying completion" of the course.

Nothing in article 4413(29c), V.T.C.S., requires a licensed driving safety school, upon which license the commissioner of education has imposed conditions pursuant to article 4413(29c), section 13(f), to pay an application fee under section 13(b)(1)(G) unless the school desires to change the driving safety course it offers. Additionally, a licensed driving safety school, upon which license the commissioner has imposed conditions, need not apply for a new license.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General